# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | | |
|---|---|---|
| Jimmy Butler, | ) | |
|             Plaintiff, | ) | |
| | ) | |
|     v. | ) | Civil Action No.: 4:16-cv-03209-JMC |
| | ) | |
| Nancy A. Berryhill, | ) | **ORDER AND OPINION** |
| Acting Commissioner of Social Security | ) | |
| Administration,[1] | ) | |
| | ) | |
|             Defendant. | ) | |
| | ) | |

This matter is before the court upon review of the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 21), recommending that the Commissioner's Decision be affirmed. For the reasons stated below, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 21).

## I.     FACTUAL AND PROCEDURAL BACKGROUND

The court concludes upon its own careful review of the record that the factual and procedural summation in the Report (ECF No. 21) is accurate, and the court adopts this summary as its own. The court will only recite herein procedures pertinent to the court's review of the Report (ECF No. 21). On September 26, 2017, Magistrate Judge Thomas E. Rogers, III filed the Report (ECF No. 21), and on October 20, 2017, Plaintiff timely filed an Objection (ECF No. 26).[2] On October 30, 2017, the Commissioner replied. (ECF No. 29.)

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is substituted for Carolyn Colvin as the named defendant because she became the Acting Commissioner of Social Security on January 23, 2017.

[2] Plaintiff was granted an extension of time and his objections were due by October 20, 2017. (ECF No. 24.)

1

## II.   JURISDICTION

The court has jurisdiction over this case pursuant to 42 U.S.C. § 405(g) which gives the court jurisdiction over a review of a final decision of the Commissioner of Social Security.

## III.   LEGAL STANDARD

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(a) for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court, which has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made. Fed. R. Civ. P. 72(b)(2)-(3). The court does not need to conduct a *de novo* review of objections presented in the form of "[complete restatements] of arguments already made, . . . as these objections never cite specific conclusions of the [Report] that are erroneous." *Smith v. City of N. Charleston*, 401 F. Supp. 2d 530, 533 (D.S.C. 2005).[3]

"Although this court may review parts of the Magistrate Judge's [Report] *de novo*, judicial review of the Commissioner's final decision regarding disability benefits 'is limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied.'" *Sherby v. Astrue*, 767 F. Supp. 2d 592, 594 (D.S.C. 2010) (citing *Walls v. Barnhart*,

---

[3]*See also Abou-Hussein v. Mabus*, No. 2:209-1988-RMG-BM, 2010 WL 4340935, at *1 (D.S.C. Oct. 28, 2010) aff'd 414 F. App'x 518 (4th Cir. 2011) (plaintiff's objections were word for word restatements of the same arguments already presented in his filing related to summary judgment); *Nichols v. Comm'r of Soc. Sec.*, 100 F. Supp. 3d 487, 497 (E.D. Va. Mar. 13, 2015) ("[A] mere restatement of the arguments raised in the summary judgment filings does not constitute an "objection" for the purposes of district court review.") (citing *Abou-Hussein*, 2010 WL 4340935, at *1); *Anderson v. Dobson*, 627 F. Supp. 2d 619, 623 (W.D.N.C. 2007) ("An objection that does nothing more than state a disagreement with a [M]agistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context.") (citing *Aldrich v. Bock,* 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004)) (internal quotation marks omitted).

296 F.3d 287, 290 (4th Cir. 2002)). "[I]t is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the Secretary if h[er] decision is supported by substantial evidence." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Pursuant to 42 U.S.C. 405(g), the court may affirm, modify, or reverse the Commissioner's decision, with or without remanding the cause for a rehearing.

## IV. ANALYSIS

Plaintiff has stated two (2) objections. Plaintiff's first objection is in regard to the ALJ's weighing of Dr. McLoughlin's opinion evidence. Plaintiff's second objection is in regard to whether the Appeals Council properly evaluated new and material evidence, and whether the court can assess new evidence.

Plaintiff's first objection is framed as a question, "[w]here the ALJ improperly ignores the opinion evidence [of Dr. McLoughlin], is it proper for the Magistrate Judge to allow the decision to stand?" (ECF No. 26 at 1.) However, Plaintiff's assertions in regard to this objection are restatements of arguments that he made in his initial Brief (ECF No. 14) or his Response Brief (ECF No. 17).[4] For this reason, the court will only address Plaintiff's second objection.

Plaintiff's second objection is also presented as a question, "[w]here there is new and material evidence submitted at the Appeals Council, and where that evidence might have affected the findings of the fact-finder, [is] it proper for the Magistrate Judge to allow the decision to stand?" Plaintiff asserts that the Magistrate Judge is mistaken in finding that the Appeals Council made no error in evaluating the new and material evidence (Dr. McLoughlin's narrative note (Tr. 344)), and that this case should be remanded. (ECF No. 26 at 9-10.)

---

[4] Plaintiff includes assertions regarding the opinion of Dr. Bryant, but his overall objection was only in regard to Dr. McLoughlin's opinion.

3

In Plaintiff's Response Brief, he asserted that ". . . greater evidentiary support [in the form of Dr. McLoughlin's narrative note] is new and material evidence that requires remand under *Meyer* [*v. Astrue,* 662 F.3d 700 (4th Cir. 2011)]." (ECF No. 17 at 15.) Plaintiff also asserted that Dr. McLoughlin's narrative note is not duplicative. (ECF No. 17 at 12.) The Magistrate Judge took these arguments into consideration and found that Dr. McLoughlin's note was not new because it was "cumulative" and "duplicative," and that it would not be material. (ECF No. 21 at 33.) Therefore, the Magistrate Judge already addressed these arguments. However, the court finds that Plaintiff specifically objects to the Magistrate Judge making an assessment regarding the new evidence, given that "[a]ssessing the probative value of competing evidence is quintessentially the role of the fact finder" and the court "cannot undertake it in the first instance." (ECF No. 26 at 10.)

Reviewing courts are limited to determining whether the Commissioner's findings are supported by substantial evidence and whether the correct law was applied. *Sherby,* 767 F. Supp. at 594. Reviewing courts also do not determine the weight of the evidence. *Hays,* 907 F.2d at 1456.

However, pursuant to *Meyer v. Astrue*, if new evidence presented to the Appeals Council is not considered,[5] but it is not competing or conflicting with other evidence or it will not fill an "evidentiary gap" then the court does not have to remand the case. 662 F.3d at 707 ("[T]he lack of such additional fact finding [by the Appeals Council] does not render judicial review

---

[5] "[I]f upon consideration of all of the evidence, including any new and material evidence, the Appeals Council finds the ALJ's action, findings, or conclusions not contrary to the weight of the evidence, the Appeals Council can simply deny the request for review. . . . [N]othing in the Social Security Act or regulations promulgated pursuant to it requires that the Appeals Council explain its rationale for denying review." *Meyer*, 662 F.3d at 705 (4th Cir. 2011). Therefore, the Appeals council did not have to explain why it denied review, and the court finds no error. Plaintiff's objection to this fact is **OVERRULED.**

"impossible"—as long as the record provides 'an adequate explanation of [the Commissioner's] decision.'") (citing *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983)).[6] "In reviewing the Appeals Council's evaluation of new and material evidence, the touchstone of the Fourth Circuit's analysis has been whether the record, combined with the new evidence, provides an adequate explanation of [the Commissioner's] decision." *Turner v. Colvin*, No. 0:14-CV-00228-DCN, 2015 WL 751522, at *5 (D.S.C. Feb. 23, 2015) (citing *Meyer*, 662 F.3d at 707). "A court should affirm the Commissioner's decision where it can conclude that [the Commissioner's Decision] is supported by substantial evidence, and it should remand the case to the ALJ where, on consideration of the record as a whole, it cannot determine whether the ALJ's [decision] is supported by substantial evidence." *Id.*

The court can determine whether the ALJ's decision is based on substantial evidence, therefore, there is no need to remand. The court finds no error as to the Magistrate Judge's finding that the ALJ's determination is supported by substantial evidence. (*See* ECF No. 21 at 33.) Dr. McLoughlin's narrative letter states similar conclusions that were in his numerous other notes, notes that were all considered by the ALJ, therefore, this would not be considered new evidence.[7]

---

[6] *See also Spencer v. Comm'r of Soc. Sec. Admin.*, No. CV 1:16-1735-JMC-SVH, 2017 WL 1379605, at *11 (D.S.C. Jan. 31, 2017), *report and recommendation adopted sub nom. Spencer v. Berryhill*, No. 1:16-CV-01735-JMC, 2017 WL 1364116 (D.S.C. Apr. 14, 2017) ("[T]he undersigned notes that the Fourth Circuit did not specify in Meyer that remand would be appropriate in all cases where a treating physician's opinion was first submitted to the Appeals Council. Furthermore, it makes little sense to create an incentive for claimants to avoid submitting treating physicians' opinions to the ALJ by allowing for blanket remand where such opinions are submitted first to the Appeals Council."); *Laura Wilson, Plaintiff, v. Nancy A. Berryhill, Acting Comm'r of Soc. Sec. Admin., Defendant.*, No. 6:16-3353-BHH, 2018 WL 1417525, at *5 (D.S.C. Mar. 21, 2018) ("The Court [ ] agrees with the Magistrate Judge that *Meyer* is distinguishable and that the additional evidence submitted by Plaintiff does not by itself require remand.").

[7] Dr. McLoughlin's narrative note does briefly reference Plaintiff's functional limitations, but Dr. McLoughlin had failed to reference these limitations on two previous occasions (Tr. 299; Tr. 339-341), stating that Plaintiff was permanently disabled. The ALJ considered Dr. McLoughlin's

(*See* Tr. 41.) Moreover, the ALJ considered Dr. McLoughlin's opinions, as Plaintiff's treating physician, and gave them little weight because his opinions were not supported by record evidence or objective findings, therefore, there is not a need to fill an "evidentiary gap." (*Id.*) The court makes no finding as to the materiality of Dr. McLoughlin's narrative note.

## V. CONCLUSION

For the reasons stated above, the court **ACCEPTS** the Report (ECF No. 21), **OVERRULING** Plaintiff's Objection (ECF No. 26). The Commissioner's Decision is **AFFIRMED.**

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

March 30, 2018
Columbia, South Carolina

---

opinions regarding Plaintiff's disability status in conjunction with Dr. McLoughlin's other opinions and ultimately gave them little weight.

6